**Lee PHILLIPS, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

No. 6700.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 21, 1957.

Huff & Splawn, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Lubbock, for appellee.

NORTHCUTT, Justice.

This is a Workman's Compensation case in which appellant Lee Phillips, as plaintiff below, sued appellee, Texas Employers' Insurance Association as defendant to set aside an award of the Industrial Accident Board. Based upon the jury findings judgment was entered by the trial court for the appellant and against the appellee in the total sum of $357, including interest on unpaid and accrued payments of weekly compensation. Such judgment was based upon the jury findings that the appellant was totally incapacitated for a period of fourteen weeks with an average weekly wage of $50 per week. Appellant perfected this appeal on four points of error as follows:

Point One

The trial court erred in overruling appellant's motion that appellant's request for admission No. 2, which asked the appellee to admit or deny that the appellant had been injured on the job, be deemed admitted for purposes of this trial, and further erred in allowing the attorney for the appellee to answer said request after both parties had announced for trial and had actually selected the jury. It was shown without dispute that more than the statutory time had elapsed for answering appellant's request for admissions, and where no motion for additional time in which to answer said request had

been filed as required by rule 169 of the Texas Rules of Civil Procedure. The said answer allowed a denial that the appellant had sustained an injury on the job. (Germane to bill of exceptions No. 1, Tr. Pages 51 and 52: Assign. of E. No. 1.)

### Point Two

The trial court erred in overruling appellant's objections to the introduction into evidence of the written medical reports, including diagnosis and prognosis of appellant's physical condition both prior to and subsequent to the injury complained of in plaintiff's original petition. The appellant especially complains of a medical report by a doctor who examined and reported on appellant's physical condition attributable to the accident which was the basis of this law suit. The doctors who made these reports in this connection were not present in court and their depositions had not been taken. There was no showing made that such doctors were unavailable to testify. The error of the court in admitting this rankest sort of hearsay testimony on the theory that it comes within an exception of the hearsay rule because it is a file of a governmental agency was highly prejudicial to this appellant and calculated to cause the rendition of an improper judgment. (Germane to Bill of Exception No. 2, Tr. Pages 53 and 54; Assign. of E. III, Tr. Page 42.)

### Point Three

The trial court erred in allowing the appellee to proceed to trial on an amended answer which had been filed only two days prior to the date the trial commenced and in which it was set out for the first time various and sundry defenses and which was filed without leave of the court and without furnishing appellant's counsel a copy of such amended answer. (Germane to Bill of Exception No. 3, Tr. Pages 55–56; Assign. of E. No. 2, Tr. Pages 41–42.)

### Point Four

The trial court erred in failing to grant a new trial to the appellant based upon the cumulative judicial effect of all the errors, whether taken singularly or not, the errors are reversible. The cumulative effect of all such errors being highly prejudicial to the appellant and calculated to cause the rendition of an improper verdict.

By point one the appellant complains of the request for admission concerning whether the appellant had been injured on the job, and then by point two concerning the admissibility of the doctor's testimony, and then by point three concerning the filing of the appellee's answer two days prior to the date of the trial and then by point four, failing to grant a new trial to the appellant, based upon the accumulative judicial effect of all the errors whether taken singularly or not. The jury, in reply to the special issues, found that Mr. Phillips sustained personal injuries to his body on or about March 12, 1956, and that he sustained the same while working as an employee of H. O. Wooten Grocery Co., Inc., and found that Mr. Phillips sustained total incapacity for a period of fourteen weeks, but that he did not sustain partial incapacity.

Without discussing each of these points we believe that it is sufficient to say that if there were any errors committed, as complained of, they would be harmless errors, since the jury found every issue in favor of appellant so far as the assignments of error are concerned and judgment was granted in favor of the appellant as found by the jury. We have no statement of facts presented in this case, and as we see this transcript, no error was committed by the court.

Judgment of the trial court affirmed.